An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-780

Filed 5 August 2026

Columbus County, Nos. 21 CR 050555-230; 21 CR 050556-230

STATE OF NORTH CAROLINA

v.

JAMAAL OMAR GREEN, Defendant.

Appeal by defendant from judgments entered 11 April 2024 by Judge Thomas H. Lock in Columbus County Superior Court. Heard in the Court of Appeals 2 June 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Danielle Wilburn Allen, for the State.*
>
> *Tarlton Law PLLC, by Raymond Curtis Tarlton, for the defendant-appellant.*

DILLON, Chief Judge.

Defendant Jamaal O. Green appeals following a jury verdict convicting him of first-degree murder under a theory of felony murder. Defendant raises several issues on appeal regarding testimony offered at trial. For the foregoing reasoning, we conclude Defendant received a fair trial, free from reversible error.

I.    Background

On the evening of 8 February 2021, the victim informed both her sister and her cousin that she planned to travel to Spring Lake to purchase drugs. Her last phone call was with co-defendant Tim Cain. Shortly after that call, Defendant and Cain were seen together at Cain's mother's house with a truck matching the description of the victim's truck. Later, police discovered the victim's body, which had a gunshot wound to the head and sharp force injuries to the neck. Eventually, Defendant was arrested, during which law enforcement seized his cell phone and turned the cell phone over to Detective Tice of the Carolina Beach Police Department for a forensic examination of the cell phone's contents.

At trial, co-defendant Amanda Williamson testified about her interactions with Defendant and Cain the night of the incident but could not recall certain events. Following Williamson's testimony, Detective Rockenbach testified about Williamson's prior police interview without objection from defense counsel. Also during trial, Detective Tice testified to records created from a forensic investigation of Defendant and Cain's phones that revealed incriminating communication between Defendant and Cain and between Cain and the victim on the night of the victim's death. Again, defense counsel did not object. Ultimately, the jury convicted Defendant of first-degree murder under a theory of felony murder with the predicate felony being robbery with a dangerous weapon. Defendant appealed.

## II. Analysis

Defendant raises three issues on appeal, which we address in turn.

At the outset, though, we note Defendant's trial counsel did not object to the admission of Detective Tice's testimony or the admission of Detective Rockenbach's corroborative testimony. "When . . . a defendant fails to object to the admission of the testimony at trial, we review only for plain error." *State v. Moore*, 366 N.C. 100, 105–06 (2012) (citations omitted). Recently, in *State v. Reber*, our Supreme Court reiterated the three-factor plain error test:

> First, the defendant must show that a fundamental error occurred at trial. Second, the defendant must show that the error had a "probable impact" on the outcome, meaning that absent the error, the jury probably would have returned a different verdict. Finally, the defendant must show that the error is an "exceptional case" that warrants plain error review, typically by showing that the error seriously affects the "fairness, integrity[,] or public reputation of judicial proceedings."

386 N.C. 153, 158 (2024) (citation modified). The second factor requires a defendant to show that, "in light of [the] remaining evidence, the jury probably would have done something different." *Id.* at 162. Such a showing is no easy task as "this standard . . . requires a showing that the outcome is significantly more likely than not." *Id.* at 159. Accordingly, even assuming the trial court committed error by not intervening when the testimony Defendant challenges on appeal was being offered at trial, Defendant still must satisfy the high demand of plain error review.

## A. Expert Testimony

Defendant first argues the trial court erred by permitting Detective Tice's testimony about his forensic examination of Defendant's phone. Specifically,

Defendant contends Detective Tice provided expert testimony beyond the knowledge of a lay person, despite not being tender by the State or accepted by the trial court as an expert witness. We conclude the trial court impliedly found Detective Tice to be an expert and did not err.

When a witness's "scientific, technical[,] or other specialized knowledge will assist" the jury, our Rules of Evidence provide that:

> (a) [The] witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if all of the following apply:
>
> (1) The testimony is based upon sufficient facts or data.
>
> (2) The testimony is the product of reliable principles or methods.
>
> (3) The witness has applied the principles and methods reliably to the facts of the case.

N.C.G.S. § 8C-1, Rule 702(a). Rule 702 places the trial court in a "gatekeeping role." *State v. McGrady*, 386 N.C. 880, 885, 899 (2016) (citation omitted). In exercising this duty, the trial court must determine whether the expert testimony satisfies Rule 702(a)'s "three main parts" in order for the testimony to be admissible. *Id.* at 889.

While our appellate courts prefer the State to formally tender and the trial court to formally rule on the expert's qualifications, our Supreme Court has consistently held that "it is not essential that the record show an express finding on the matter[.]" *State v. Mitchell*, 283 N.C. 462, 467 (1973) (citation omitted). Rather,

our Supreme Court has made clear "that when the record contains sufficient evidence upon which the trial court *could have* based an explicit finding that the witness was an expert, an appellate court may conclude that the trial court found the witness to be an expert." *State v. Godwin*, 369 N.C. 604, 609 (2017) (emphasis added and citation omitted).

We review a trial court's ruling on proffered expert testimony for an abuse of discretion, which occurs "only upon a showing that its ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision." *McGrady*, 368 N.C. at 893 (citations omitted).

At trial, not only did Detective Tice testify to his extensive credentials, professional affiliations, and knowledge and training in the field of digital forensics, but his testimony further satisfied the requirements of Rule 702(a)(1)–(3). Moreover, some of the cases relied on by Defendant acknowledge that a trial court may implicitly receive a witness as an expert in a field. *See State v. Hall*, 330 N.C. 808, 817 (1992) (declining to conclude a witness was "explicitly or *implicitly* qualified as an expert witness" because the transcript reflects that the State "purposefully did not tender [the witness] as an expert witness" (emphasis added)); *State v. Hutchens*, 110 N.C. App. 455, 460 (1993) ("[The witness] was neither tendered nor received, explicitly or *implicitly*, as an expert in any field[.]" (emphasis added)).

Accordingly, the trial court did not err, much less plainly err,[1] by allowing Detective Tice to testify because "the record contains sufficient evidence upon which the trial court could have" determined Detective Tice was an expert. *See Godwin*, 369 N.C. at 609. Further, in light of Detective Tice's testimony, the trial court's implied finding of Detective Tice as an expert in digital forensic examinations did not amount to an abuse of discretion. *See McGrady*, 368 N.C. at 893.

## B. Corroborative Testimony

Next, Defendant argues the trial court erred by admitting statements made in Williamson's prior police interview that contained details additional to, and not merely corroborative of, Williamson's trial testimony. Defendant also contends this error was compounded by the trial court's failure to provide a contemporaneous limiting instruction to limit the jury's consideration of the interview statements merely for the non-truth purpose of corroboration. Again, we disagree.

"A witness's prior consistent statements may be admitted to corroborate the

---

[1] Even assuming error, engaging in plain error may not be appropriate in Defendant's case. Our Supreme Court recently reiterated that "plain error review is unavailable for issues that fall 'within the realm of the trial court's discretion.' " *State v. Gillard*, 386 N.C. 797, 821 (2024) (citing *State v. Steen*, 352 N.C. 227, 256 (2000) (declining to review potential juror misconduct for plain error because determinations of misconduct and their effect are "within the trial court's discretion")); *see also State v. Crew*, 281 N.C. App. 437, 441–42 (2022); *State v. Wendorf*, 274 N.C. App. 480, 492–93 (2020) (Berger, J., concurring). As mentioned above, we review the trial court's expert testimony ruling for abuse of discretion. *McGrady*, 368 N.C. at 893. Despite this general rule, however, this Court has engaged in plain error review of "an unpreserved challenge to the performance of [the] trial court's gatekeeping function under Rule 702 in a criminal trial[,]" *see State v. Stidham*, 299 N.C. App. 741, 749 (2025), and our Supreme Court elected not to examine the issue, *see State v. Stidham*, 920 S.E.2d 871 (N.C. 2025) (denying discretionary review). But we need not, and we decline to, answer the question of whether Rule 702 is the exception to *Gillard*'s general rule in the present case as we have concluded the trial court impliedly accepted Detective Tice as an expert.

witness's courtroom testimony." *State v. Harrison*, 328 N.C. 678, 681 (1991) (citations omitted); *see also State v. Johnson*, 209 N.C. App. 682, 693 (2011) (citing *State v. Levan*, 326 N.C. 155, 167 (1990)) (differentiating corroborative statements from hearsay as the former is not offered for the truth of the matter asserted). "Corroborative testimony is testimony which tends to strengthen, confirm, or make more certain the testimony of another witness." *State v. Rogers*, 299 N.C. 567, 601 (1980) (citations omitted). Contradictory statements cannot be admitted "under the guise of corroborative evidence." *State v. Burton*, 322 N.C. 447, 451 (1988) (citation omitted). However, "prior consistent statements are admissible even though they contain new or additional information so long as the narration of events is substantially similar to the witness's in-court testimony." *State v. Williamson*, 333 N.C. 128, 136 (1992) (citations omitted); *see also State v. Farmer*, 333 N.C. 172, 192 (1993) (citation omitted); *State v. Locklear*, 320 N.C. 754, 762 (1987).

Even assuming there was error in admitting Williamson's prior statements by way of Detective Rockenbach's testimony and failing to provide a contemporaneous limiting instruction, the error did not have a "probable impact" on the jury's verdict. *See Reber*, 386 N.C. at 158.

While Defendant points to several instances where Detective Rockenbach provided *additional* information beyond the testimony of Williamson, the facts established by that testimony were already before the jury. For instance, Defendant takes issue with the following: (1) in her police interview, Williamson stated the men

were transferring items between the truck and Cain's car, but Williamson's actual trial testimony, according to Defendant, was less certain about the involvement of both men; (2) Williamson testified to only one transfer of money from Cain to Defendant, but, according to Defendant, Detective Rockenbach's recitation of William's prior statements could be susceptible of implying more than one transfer; and (3) Williamson did not remember what the men were wearing beyond Defendant's clothes appearing to be too small and not fitting properly but earlier stated the men had dirty clothes and later changed.[2]

However, similar evidence had already been admitted. *See State v. Fleming*, 350 N.C. 109, 139–40 (1999) (no plain error in prosecutor's questioning during sentencing considering that "the same evidence had been admitted"). First, Williamson unequivocally testified twice that she saw both Defendant and Cain moving items from the victim's truck to Cain's car. It was not until the State sought to clarify whether both men were moving items that Williamson expressed some

---

[2] Defendant takes issue with a portion of Detective Rockenbach's testimony in which the Detective states that, based on Williamson's earlier statements, the victim's firearms were transferred from the victim's truck to Cain's car. Again, the trial court did not provide a limiting instruction restricting the jury's use of this evidence only for a non-truth purpose. Context indicates, however, that this testimony was to explain why police searched the pond near Williamson's house, meaning the testimony is admissible for the non-truth purpose of its effect on the listener and to explain the reason prompting the search of the pond. *See State v. Coffey*, 326 N.C. 268, 282 (1990) (citation omitted); *State v. Call*, 349 N.C. 382, 409 (1998) (citation omitted); *State v. Wade*, 155 N.C. App. 1, 15–16 (2002) (concluding testimony was admissible because it was "offered for the non-hearsay purpose of showing . . . effect on the listener."). Further, our Supreme Court has instructed that "[t]he admission of evidence which is competent for a restricted purpose without limiting instructions will not be held to be error in the absence of a request by the defendant for such limiting instructions." *Coffey*, 326 N.C. at 286 (citing *State v. Jones*, 322 N.C. 406, 414 (1988)). Thus, the trial court did not err with respect to the firearm testimony.

hesitation with her memory.

Likewise, Williamson testified that there was a transfer of money from Cain to Defendant, and an earlier witness testified to seeing money on the ground next to the victim's stuck truck. Moreover, with respect to this portion of testimony, Detective Rockenbach testified that Williamson stated, "[Defendant and Cain] also had cash[, and] she had seen *a transfer* of cash between the two, especially when they dropped off [Defendant]." (Emphasis added). This testimony reflects that there was a single transfer of money between the men, just as Williamson testified to.

And finally, with respect to Defendant and Cain's clothes, other witnesses testified that the men were muddy and changed clothes and Williamson testified Defendant's clothes were too small and did not fit properly. Thus, even if there was error and the jury considered the prior statements for the truth of the matter asserted, there was already similar substantive evidence testified to by Williamson and other witnesses. *See id.* (no plain error in prosecutor's questioning during sentencing considering that "the same evidence had been admitted").

Additionally, Defendant overlooks "the state of all the evidence except for the challenged evidence[,]" *see Reber*, 386 N.C. at 162, and how that evidence is indicative of Defendant's guilt, such as Detective Tice's critical phone data testimony as well as the testimony of the witnesses who saw Defendant and Cain that night.

Taken together, the evidence tended to show Defendant and Cain were together prior to Cain meeting with the victim, the victim was planning on meeting

someone to "re-up" on drugs and had back and forth communication with Cain leading up to approximately 8:27 P.M., and Defendant and Cain were cleaning out the victim's truck about an hour later after getting it stuck in Cain's mother's yard. Further, the evidence shows (1) that prior to meeting with Cain, the victim had approximately $1,500 in the center console of her truck, (2) that night a neighbor's friend saw cash on the ground near the truck and two firearms inside the truck while it was at Cain's mother's home, (3) Williamson saw a cash transfer between Cain and Defendant, and (4) when the victim's truck was recovered, officers did not find cash in the center console but saw blood that was later determined to be that of the victim's.

While of course "it is certainly *possible* that the jury would have acquitted" Defendant without prior statements, Defendant "has not shown that the jury *probably* would have done so." *Id.* (emphasis in original). Defendant has not met the heavy burden he faces under plain error view. *See id.* at 162–63.

### C. Ineffective Assistance of Counsel

Finally, Defendant contends he received ineffective assistance of counsel ("IAC") due to his trial attorney's failure to object to Detective Tice's and Detective Rockenbach's testimony. We disagree.

To successfully demonstrate IAC, a defendant must show a deficient performance by his trial counsel that "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *accord State v. Braswell*, 312 N.C. 533, 562

(1985). The prejudice requirement requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Allen*, 360 N.C. 297, 316 (2006) (citations omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citations omitted). Accordingly, "[i]f it is easier to dispose of an [IAC] claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697; *State v. Phillips*, 365 N.C. 103, 122 (2011) (citing *Strickland*, 466 U.S. at 697) (deficiency of performance need not be analyzed if purported error was not prejudicial).

As noted above, the trial court impliedly found Detective Tice to be an expert witness, and thus there was no error, much less any prejudicial error. *See, e.g.*, *State v. Hoff*, 224 N.C. App. 155, 163 (2012) (concluding defendant was unable to show prejudice because he was not "entitled to exclude the expert['s] testimony"); *State v. Robinson*, 926 S.E.2d 459, 468 (N.C. Ct. App. 2026) (expert testimony was permissible and thus counsel's failure to object did not amount to IAC). And even assuming the trial court erred with respect to Detective Rockenbach in allowing his corroborative testimony and by failing to provide a jury instruction limiting the jury's consideration of that testimony, it is not reasonably probable that a different result would have occurred in light of the other evidence of Defendant's guilt recounted above. *Strickland*, 466 U.S. at 694; *Allen*, 360 N.C. at 316; *see also State v. Hunt*, 928 S.E.2d 497, 505 (N.C. Ct. App. 2026) (noting that plain error analysis is not determinative

of IAC prejudice but it may be informative).  Defendant did not receive IAC.

### III.  Conclusion

Defendant received a fair trial, free from reversible error.

NO ERROR.

Judges ZACHARY and HAMPSON concur.

Report per Rule 30(e).